IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03260-BO

JONATHAN DALE KEE, )
           Plaintiff, )
)
v. ) ORDER
)
WESLEY WARD and WILLIAM )
HARRINGTON, )
)
           Defendants. )

The matter now is before the court on defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) (DE 53). For the following reasons, the court grants defendants' motion for summary judgment and dismisses this action without prejudice for failure to exhaust administrative remedies.

**STATEMENT OF THE CASE**

Jonathan Dale Kee ("plaintiff") filed this civil rights complaint, pro se, pursuant to 42 U.S.C. § 1983, alleging defendants Wesley Ward ("Ward"), William Harrington ("Harrington"), and the North Carolina Department of Adult Correction ("DAC") failed to protect him from the risk of inmate-on-inmate violence on October 12, 2022, in violation of the Eighth Amendment to the United States Constitution. On November 7, 2023, the court conducted an initial review of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2), and dismissed the DAC as a defendant in this action. The court, however, allowed plaintiff to proceed with his Eighth Amendment failure to protect claim against defendants Ward and Harrington. Plaintiff subsequently filed a motion requesting the appointment of counsel, which the court denied.

On March 11, 2024, the court entered a scheduling order providing a discovery deadline of June 10, 2024, and a motions deadline of July 9, 2024. See (DE 26). The court subsequently extended the deadline to file dispositive motions until November 7, 2024. See (DE 36). On September 24, 2024, plaintiff filed a motion to amend his complaint and a second motion requesting the appointment of counsel. See (DE 37, 38). On October 28, 2024, defendants filed a motion requesting an extension of time to file dispositive motions. See (DE 41). On October 31, 2024, the court denied plaintiff's motions, but granted defendants an extension of time, until January 6, 2025, to file dispositive motions.

On January 6, 2025, defendants moved for summary judgment. In response, plaintiff filed a motion for an extension of time to respond to defendants' motion for summary judgment. In his motion, plaintiff asserted defendants had not complied with his discovery requests. The court directed defendants to respond to plaintiff's motion. Defendants complied. On April 10, 2025, the court construed plaintiff's motion for an extension of time as a request for additional time to conduct discovery pursuant to Federal Rule of Civil Procedure 56(d), and granted the motion. The court also denied as premature defendants' motion for summary judgment and set a new discovery deadline of July 7, 2025 and a dispositive motions deadline of August 7, 2025. See (DE 52).

On July 11, 2025, defendants filed their second motion for summary judgment and argued, inter alia, that plaintiff's action should be dismissed without prejudice for failure to exhaust administrative remedies. Defendants also filed a statement of material facts in support of their motion for summary judgment and an appendix, which included declarations from each defendant and a declaration from Kimberly Grande—the Director of the DAC's grievance Resolution Board. Kimberly Grande attached to her declaration three exhausted grievances plaintiff filed during the

2

relevant time period. One of the grievances plaintiff exhausted related to the October 12, 2022 incident. The grievance provided as follows:

> On 10/12/22, I was beaten while in handcuffs by another inmate that I wasn't ever suppose[d] to be in the car with at all, [due] to the fact that, I'm close [and] he's medium[], And he was mental health Level #3, my eye was kicked when this inmate turned to the side and kicked me over [and] over in the face [and] head butted me over[and] over and-the officers wouldn't even stop the car, while I was getting beaten for no reason at all. I've asked for medical help, my eye has been not focusing and it's been where I can't even see out of it, and I'm in pain. Head [and] eye just looked at me, I'm getting my family lawyer on this now and I'm filing this grievance.

((DE 55-3), 9). Plaintiff requested the following remedy in his grievance:

> To see medical ASAP [and] see an outside eye doctor [and] head doctor, cause I'm having blackouts. I'm pushing for a lawsuit, cause I could of died in that car [and] I still haven't seen a doctor.

(Id.)

The DAC's step one response provided as follows:

> Upon review of your medical chart, you had an xray done and it [] shows depressed nasal bone fracture with left septal deviation, UR has been submitted for ENT consult and CT scan, awaiting approval. You are not ignore[d].

(Id. p. 7).

The DAC's step two response provided as follows:

> I have reviewed your medical record and see the results of your facial x-ray. You have been referred to ENT, UR is approved, and we are waiting on the appointment time. You also have been approved for an Optometry appointment to check your vision. This appointment is a few weeks out as there is a long wait list. Your medical concerns will be addressed.

(Id. p. 8). Plaintiff appealed and the DAC provided the following response at step three:

3

> This examiner has reviewed this grievance, the offender's medical record and the response by facility staff given in the Step 1 and/or Step 2 responses. My review of these responses reveals that prison staff have taken appropriate action to address and resolve the offender's concerns voiced in the grievance. The offender had a CT on 10/31/22 and there are appointments scheduled for Ophthalmology and ENT for his concern.
>
> The offender has been appropriately advised regarding the concerns by prison staff and is encouraged to follow up on this issue as needed. The offender is also encouraged to continue to submit sick calls and attend medical appointments to inform staff of any ongoing concerns or changes in their medical condition.
>
> The grievance is considered resolved by prison staff and is, therefore, dismissed.

(Id. p. 6).

Plaintiff responded to defendants' motion for summary judgment. Plaintiff stated as follows: (1) "Plaintiff has not received evidence to help support his case;" (2) "Plaintiff has limited legal knowledge;" (3) "Plaintiff believes with certain documents it will help his case;" (4) "Plaintiff has had little time to prepare due to prison notary times available;" (5) "Plaintiff is still trying to understand litigation rules and procedures;" (6) "Plaintiff has had mental health issues to where he can not fully concentrate;" and (7) Plaintiff would also like to try for another court appointed lawyer." See (DE 58). Defendants replied. See (DE 59).

## DISCUSSION

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

4

nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B. Analysis

Defendants argue plaintiff's failure to protect claim should be dismissed without prejudice for failure to exhaust his administrative remedies prior to filing this action. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Ross v. Blake, 578 U.S. 632, 639 (2016) ("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."); Custis v. Davis, 851 F.3d 358, 361-362 (4th Cir. 2017); Woodford v. Ngo, 548 U.S. 81, 83-85 (2006); see Jones v. Bock, 549 U.S. 199, 217 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85. A prisoner must exhaust his administrative remedies even if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The DAC has a three step Administrative Remedy Procedure ("ARP") which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008). The DAC's ARP first encourages inmates to attempt informal communication with responsible authorities at

5

the facility in which the problem arose. DAC ARP § .0301(a). If informal resolution is unsuccessful, the DAC ARP provides that any inmate in DAC custody may submit a written grievance on Form DC-410. DAC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of the DAC through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of the DAC shall constitute the final step of the Administrative Remedy Procedure. Id. § .0310(c)(6).

Here, defendants acknowledge plaintiff fully exhausted administrative remedies with respect to a grievance plaintiff filed regarding the medical care he received following the October 12, 2022 incident, but argue the grievance did not "provide the NCDAC or the Defendants with fair notice" or "the opportunity to remedy or address" plaintiff's failure-to-protect allegations. ((DE 56), pp. 13-14). An inmate's grievance must contain sufficient detail to "alert[ ] the prison to the nature of the wrong for which redress is sought," Wilcox v. Brown, 877 F.3d 161, 167 n.4 (4th Cir. 2017) (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)), and "give prison officials a fair opportunity to address the alleged [mistreatment]." Moore, 517 F.3d at 729.

The court agrees with defendants. Plaintiff's goal with his exhausted grievance was obtaining medical care for his injuries following the October 12, 2022 incident. The intent of plaintiff's grievance is clear from his requested remedy--the opportunity to see a doctor for his eye and head. ((DE 55-3), p. 9). The DAC's responses to plaintiff's exhausted grievance further reflect the intent of plaintiff's grievance as each response pertains solely to plaintiff's medical care. See ((Id.), pp. 6-8). Plaintiff does not dispute that his exhausted grievance does not provide

6

defendants fair notice of his failure-to-protect claim. There are no other exhausted grievances related to the October 12, 2022 incident. Based upon the foregoing, the court finds plaintiff's exhausted grievance related to his medical care did not put defendants on fair notice of his failure-to-protect claim. See Moore, 517 F.3d at 726; Johnson v. Cooper, No. 5:23-CT-3204-BO, 2025 WL 2699935, at *6 (E.D.N.C. Sept. 22, 2025) ("[T]he mere mention of an alleged use of force incident as one example as to why Johnson should be transferred did not give prison officials fair notice of, and an opportunity to address, Johnson's claims against defendants."); Willis v. Dart, No. 21-CV-1295, 2024 WL 2882209, at *6 (N.D. Ill. June 7, 2024) (citing King v. Dart, 63 F.4th 602, 608 (7th Cir. 2023)); Leon v. Phillips, No. 19 CV 4352, 2021 WL 4264365, at *4 (N.D. Ill. Sept. 20, 2021) (citations omitted); Eaker v. Miller, No. 1:07CV575, 2008 WL 4280361, at * 6 (M.D.N.C. Sept. 15, 2008). Thus, defendants' motion for summary judgment is GRANTED, and the action is dismissed without prejudice for failure to exhaust administrative remedies.

To the extent plaintiff moves to deny defendants' pending motion for summary judgment pursuant to Federal Rule of Civil Procedure, Rule 56(d) permits a court to delay in ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); see Anderson, 477 U.S. at 250 n.5; Nader v. Blair, 549 F.3d 953, 961–62 (4th Cir. 2008). "Rule 56(d) mandates that summary judgment be denied when the nonmovant has not had the opportunity to discover information that is essential to his opposition." Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014).

Here, the court previously granted plaintiff relief pursuant to Rule 56(d) and provided him an additional opportunity, from April 10, 2025 through July 7, 2025, to conduct discovery. See (DE 52). The court cautioned plaintiff that he must make all discovery requests directly to

7

Case 5:23-ct-03260-BO    Document 60    Filed 01/23/26    Page 7 of 9

defendants. (Id.) Defendants state they did not receive any discovery requests from plaintiff from April 10, 2025 through July 7, 2025. See ((DE 56), p. 2). Plaintiff does not explain his lack of diligence in pursuing discovery or requesting an extension of the discovery deadline after receiving the court's April 10, 2025, order. Thus, any request for a delay ruling on defendants' motion for summary judgment pursuant to Rule 56(d) is DENIED.

To the extent plaintiff requests a "court appointed" attorney to represent him in this action, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n. 2 (1989). Exceptional circumstances exist where (1) "the plaintiff 'has a colorable claim'" and (2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024) (quoting Whisenant, 739 F.2d at 162). In making this determination, a district court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248. Importantly, legal "inexperience and incarceration alone do not warrant appointment of counsel." Id. at 249.

As stated in the court's prior orders denying plaintiff's motions requesting the appointment of counsel, plaintiff has demonstrated through his filings that he is capable of proceeding pro se,

8

and his failure-to-protect claim is not so complex to warrant appointing counsel. Thus, plaintiff's motion requesting the appointment of counsel is DENIED.

## CONCLUSION

In summary, defendants' motion for summary judgment (DE 53) is GRANTED, and this action is DISMISSED without prejudice to allow plaintiff the opportunity to exhaust his administrative remedies for his failure to protect claim. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 23 day of January, 2026

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge

9

Case 5:23-ct-03260-BO   Document 60   Filed 01/23/26   Page 9 of 9